| | | | |
|---|---|---|---|
| Case No. | CV 17-3038-PSG (KK) | Date: | April 26, 2017 |
| Title: | *Gregory DeVault v. Jim McDonnell, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust

## I.
## INTRODUCTION

On April 21, 2017, petitioner Gregory DeVault ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). Petitioner challenges his 2016 conviction in Los Angeles Superior Court for bringing a controlled substance into prison in violation of Section 4573 of the California Penal Code. This Court, having reviewed the Petition, finds the Petition is subject to dismissal because Petitioner has not exhausted his state remedies with respect to the ground raised in the Petition. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address these issues.

## II.
## THE PETITION IS A WHOLLY UNEXHAUSTED PETITION SUBJECT TO DISMISSAL

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the

opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

In this case, Petitioner raises one ground for relief. Pet. at 6. Petitioner seeks to "be relieved of the (1) one year prior prison enhancement" because his "primary offense is a non-violent offense," and "Proposition 57 states non-violent offense[s] will not be sentenced with [an] enhancement." Id. Petitioner, however, concedes he never raised his claim on direct appeal, nor has he filed any other petitions related to this claim. Id. at 3-4. Accordingly, it appears Petitioner's claim has not been ruled on by the California Supreme Court. Thus, the Petition is a wholly unexhausted petition subject to dismissal.

### III.
### ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **no later than May 26, 2017.** Petitioner must respond to this Order pursuant to one of the options listed below.

**Option 1 - Petitioner May Explain The Petition Is Exhausted:** If Petitioner contends he has, in fact, exhausted his state court remedies on the grounds raised in his Petition, he should clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that grounds one through five are indeed exhausted.

**Option 2 - Petitioner May Request A Rhines Stay:** Under Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. Id. at 276; Mena v. Long, No. 14-55102, (9th Cir. Feb. 17, 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a <u>Rhines</u> stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. <u>See id</u>. Petitioner should include any evidence supporting his request for a <u>Rhines</u> stay.

**<u>Option 3 - Petitioner May Voluntarily Dismiss Action Without Prejudice:</u>** Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**<u>Caution:</u>** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to comply with court orders and failure to prosecute.** <u>See</u> **Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**