UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DEVAULT,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JIM MCDONNELL, ET AL.,<br><br>　　　　　　Respondent. | Case No. CV 17-3038-PSG (KK)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

## I.
## INTRODUCTION

Petitioner Gregory DeVault ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). On April 26, 2017, the Court issued an Order to Show Cause why the Petition should not be dismissed due to failure to exhaust state court remedies ("OSC"). Petitioner has not filed a response or requested an extension of time to do so. Thus, the Petition is DISMISSED without prejudice as a wholly unexhausted petition and for failure to prosecute and comply with court orders.

///

///

///

## II.
## BACKGROUND

On December 13, 2016, Petitioner was convicted in Los Angeles Superior Court for bringing a controlled substance into prison in violation of Section 4573 of the California Penal Code. ECF Docket No. ("Dkt.") 1. He was sentenced to a term of four years in prison. Id.

On April 21, 2017, Petitioner filed the instant Petition challenging his 2016 conviction. Id. The Petition raises the following claim: Petitioner seeks to "be relieved of the (1) one year prior prison enhancement" because his "primary offense is a non-violent offense," and "Proposition 57 states non-violent offense[s] will not be sentenced with [an] enhancement." Id. at 6. Notably, Petitioner concedes he did not raise this claim on direct appeal or file any other petitions related to this claim. Id. at 3-4.

On April 26, 2017, the Court issued an OSC finding the Petition subject to dismissal for failure to exhaust state court remedies. Dkt. 3. The Court directed Petitioner to respond to the OSC by filing a written response and selecting from the following three options: (1) explain the Petition is exhausted; (2) request a stay pursuant to Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005); or (3) voluntarily dismiss the action without prejudice. Id. at 2-3. The Court granted Petitioner until May 27, 2017 to file a response and expressly warned that failure to file a sufficient or timely response would result in dismissal of the action. Id. at 3.

The time for filing a response to the OSC has passed, and Petitioner has failed to timely file a response or properly request an extension of time in which to do so.

///
///
///

# III.
# DISCUSSION

## A. THE PETITION CONTAINS ONLY AN UNEXHAUSTED CLAIM AND MUST THEREFORE BE DISMISSED

### 1. Applicable Law

A person seeking habeas relief must exhaust his state court remedies before a federal court may consider granting relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

### 2. Analysis

In this case, Petitioner raises one ground for relief, however, he concedes he did not raise this claim on direct appeal or file any other petitions related to this claim. Pet. at 3-4. Moreover, a docket search of the California Supreme Court's website reveals no filings by any person with Petitioner's name. Lastly, despite the

Court's orders to address the exhaustion issue, Petitioner has failed to present any evidence to suggest the claims are exhausted.

Hence, because Petitioner's claims have not been "fairly presented" to the California Supreme Court, the Petition is completely unexhausted and warrants dismissal. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)). Accordingly, the Petition is dismissed without prejudice to Petitioner reasserting his claims in a future habeas petition after he has exhausted his state court remedies.

**B.  THE PETITION MUST BE DISMISSED FOR FAILURE TO PROSECUTE OR COMPLY WITH COURT ORDERS**

### 1. Applicable Law

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a petitioner's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Omstead,

594 F.3d at 1084 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).

### 2. Analysis

In the instant action, the first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissal. Petitioner has neither filed a response to the Court's April 26, 2017 OSC, nor filed a request for an extension of time in which to do so. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition, and suggests Petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondents -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. See <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on the merits -- ordinarily weighs against dismissal. However, it is a petitioner's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. See <u>Morris v. Morgan Stanley</u>, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. <u>See</u> Dkt. 3, OSC. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal. The Court cannot move the case toward disposition without Petitioner's compliance with court orders or participation in this litigation.

1  Petitioner has shown he is either unwilling or unable to comply with court orders by
2  filing responsive documents or otherwise cooperating in prosecuting this action.
3      Finally, while dismissal should not be entered unless a petitioner has been
4  notified dismissal is imminent, see West Coast Theater Corp. v. City of Portland,
5  897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Petitioner about the
6  possibility of dismissal, see Dkt. 3, OSC.

## IV.
## ORDER

Thus, it is ORDERED that Judgment be entered summarily DISMISSING this action without prejudice.

Dated: 6/14/17

HONORABLE PHILIP S. GUTIERREZ
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge